RECEIVED
USDC, CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2010 DEC 28 A 10: 15

| | | |
|---|---|---|
| Sammie Stroman, #232033, | ) | C.A. No. 2:10-0010-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sharon Patterson; Mike | ) | |
| Robinson; William McBride; | ) | |
| John E. Follin, III; Sgt. B. | ) | |
| Durant, Lloyd R. Greer; Kim | ) | |
| Dawsey, | ) | |
| | ) | |
| Defendants. | ) | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is before the undersigned United States

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Magistrate Judge for a report and recommendation on the
defendants' motion for summary judgment and the plaintiff's
fourth motion to amend his complaint. 28 U.S.C. § 636(b).

The plaintiff, Sammie Stroman, is currently incarcerated
within the South Carolina Department of Corrections (SCDC), and
housed in a Maximum Security Unit (MSU). On January 5, 2010, he
brought suit against SCDC employees Sharon Patterson; William
McBride; Sgt. B. Durant; Lloyd R. Greer; and Kim Dawsey.
Plaintiff also named as defendants Mike Robinson and John E.
Follin, III, who are employees of the South Carolina Law
Enforcement Division (SLED).

In his original complaint, the plaintiff alleged that his
rights to due process as secured by the Fourteenth Amendment to
the Constitution have been violated. Specifically, he alleged
that he did not receive constitutionally adequate procedural due
process during an internal SCDC Disciplinary process, including a
hearing before Defendant Sharon Patterson, the Disciplinary
Hearing Officer (DHO), on charges that he assaulted another
inmate. The plaintiff contends that she wrongly found him guilty
of the disciplinary charges against him, was not impartial, and
that she denied him the right to call witnesses and question
adverse witnesses, in violation of SCDC rules and policies and
the Constitution. As to the remaining defendants, the plaintiff

claims that they fabricated statements and falsely filed the disciplinary charges against him. Plaintiff seeks damages and equitable relief.

The plaintiff amended his complaint on March 1, April 2, and August 5, 2010, without objection from the defendants. The amended complaints clarified his allegations but did not substantively change them, did not add new defendants, and did not seek different or additional relief. The parties have engaged in extended discovery and motions practice and a hearing was held before the undersigned on August 5, 2010.

On August 19, 2010, the defendants filed a motion for summary judgment along with the plaintiff's medical records, incident reports, disciplinary hearing results, and the defendants' various affidavits. The plaintiff was provided a copy of the motion and on August 23, 2010, was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Following an extension of time, the plaintiff opposed the motion on November 8, 2010, with his own memorandum, affidavits, and voluminous exhibits. He also filed a motion to amend his complaint for the fourth time in which he claims the defendants acted together in a conspiracy to

harm him. Otherwise the amendment did not add or change anything.

Hence, it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts.

Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## FACTS

The facts either undisputed or according to the plaintiff's verified complaint as the non-moving party, to the extent supported by the record, and all reasonable inferences therefrom are as follow.

On December 22, 2007 an inmate riot occurred in the Chesterfield Unit of Lee Correctional Institution (LCI) where Plaintiff was housed. During that riot Defendant McBride was assaulted and seriously injured. The plaintiff was charged through the SCDC internal Inmate Disciplinary process with two disciplinary charges that arose from the riot. Specifically,

5

he was charged with violating SCDC rules (801) Assault and/or Battery of an SCDC Employee and (803) Riot. Additionally, he was placed into the MSU via an emergency admission on December 23, 2007.

The plaintiff was subsequently convicted through the internal SCDC Inmate Disciplinary process of both disciplinary charges. The Disciplinary Hearing Officer, Defendant DHO Sharon Patterson, was not impartial and denied him the right to call witnesses and question adverse witnesses.

The remaining defendants fabricated statements and falsely filed the disciplinary charges against the plaintiff because they were angry that he was unable to aid them in determining who assaulted Officer McBride. The defendants aver they believe that Plaintiff assaulted McBride during the riot. Following the disciplinary hearing plaintiff was placed in MSU.

The MSU unit has a "brunch/supper" food service program on the weekends and the plaintiff asserts he has lost approximately seven (7) pounds. The plaintiff, however, has not been denied adequate caloric intake due to this dietary change, see, Affidavit of Miro, and Plaintiff's medical records do not show any significant amount of weight loss while the plaintiff was in MSU.

## DISCUSSION

A review of the record and relevant case law reveals that the defendants' motion for summary judgment should be granted, the plaintiff's motion to amend his complaint denied, and this matter ended.

It appears that the harm suffered by the plaintiff, being placed in the prison's MSU, does not implicate a liberty interest protected by the due process clause of the constitution. <u>Sandlin v. Conner</u>, 515 U.S. 472 (1995). Such placement does not rise to constitutional dimensions and, therefore, is not entitled to the procedural due process outlined in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).

Although the Fourteenth Amendment prohibits a state from depriving a defendant of liberty without due process of law, when the defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of his sentence. Embraced in his loss of liberty is his consignment to a prison regimen, managed by prison officials who by necessity are given broad discretion in the administration of his confinement. <u>See</u>, <u>Hewitt v. Helms</u>, 459 U.S. 460, 467, 103 S.Ct. 864, 869 (1983). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject

an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547. "Any review, therefore, of prison discretion begins with a recognition that the liberty interest of a convicted defendant is substantially restricted and his confinement is properly subject to the management of prison officials, who for the order of the prison, the safety of prisoners, and the safety of themselves must have broad discretion in the management of the prison." Gaston v. Taylor, 946 F.2d 340, 943 (1981).

Under Sandin, the nature of the deprivation determines whether a liberty interest is implicated; i.e., whether the restraint imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Gholson v. Murry, 953 F.Supp. 709, 715 (E.D. Va. 1997), citing Sandin.

Consistent with the Supreme Court's decisions on this issue, the Fourth Circuit has consistently found that administrative segregation is simply not an "atypical or significant hardship in relation to the ordinary incidents of prison life", and Plaintiff has presented no evidence to the contrary. See, McNeill v. Currie, 84 Fed. Appx. 276 (4th Cir. 2003); Beverati v. Smith, 120 F.3d 500, 503-04 (4th Cir. 1997) (holding confinement in administrative segregation does not exceed the sentence imposed

in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation). The due process protections of the plaintiff have not been violated by his placement in MSU.

Further, the plaintiff cannot bring a § 1983 action regarding a disciplinary hearing where the results of the hearing have not been invalidated. In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the United States Supreme Court held that <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), applies to challenges to the procedures utilized in institutional hearings. In <u>Heck</u>, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issueance of a writ of habeas corpus."

As an example, in <u>Kerr v. Orellana</u>, 969 F.Supp. 357, 358 (E.D. Va. 1997), the court granted a motion to dismiss a § 1983 lawsuit against prison officials on the basis of <u>Balisok</u> and <u>Heck</u>. The inmate in <u>Kerr</u> claimed that he was denied due process

in an institutional hearing because the hearing officer allegedly found him guilty before he had an opportunity to present evidence, a claim similar to the claim in the instant case. In addition, he alleged that there was insufficient evidence to find him guilty of the infraction. The court found that the case was not cognizable under § 1983 because the plaintiff did not show that the conviction underlying his claims had been invalidated.

Similarly, in the instant case, the award of damages or injunctive relief to the plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claim has not accrued and is not actionable under <u>Heck</u> and <u>Balisok</u>. Plaintiff is not entitled to relief here.

Likewise, Plaintiff's claim that his eighth amendment right to be free of cruel and unusual punishment must fail. He has presented only his own conclusory speculation in support of his contention that serving him two instead of three meals a day two out of seven days a week denies him minimal basic nutritional needs. Such speculation is wholly insufficient to resist the defendants' well supported summary judgment motion.

Next, it appears the plaintiff's motion to amend his complaint should be denied. Although leave to amend should be "freely give[n] when justice so requires," Fed.R.Civ.P. 15(a)(2), the court has discretion to deny a motion to amend a complaint,

when, as here, review of the proposed complaint reveals amendment would be futile under the facts of the case.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants be granted summary judgment on all claims and the plaintiff's motion to amend his complaint be denied and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December 28, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).