IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sammie Stroman, | ) | C/A No.: 2:10-10-JFA-RSC |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| Sharon Patterson; Mike Robinson; | ) | |
| William McBride; John E. Follin, III; | ) | |
| Sgt. B. Durant; Lloyd R. Greer; and | ) | |
| Kim Dawsey, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The *pro se* plaintiff, Sammie Stroman, brings this action pursuant to 42 U.S.C. § 1983

contending that the defendants violated his constitutional rights by not adequately providing

him with procedural due process during an internal prison disciplinary proceeding. The

plaintiff is presently incarcerated at the Kirkland Correctional Institution of the South

Carolina Department of Corrections (SCDC). He seeks damages and equitable relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein he suggests that this court should grant the defendants' motion for

summary judgment. The Report sets forth in detail the relevant facts and standards of law

on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation which was filed on December 28, 2010.    The plaintiff filed timely objections to the Report.

BACKGROUND

On December 22, 2007, an inmate riot occurred at the Lee Correctional Institution (LCI) where the plaintiff was then housed.    During the riot, defendant McBride, a correctional officer, was assaulted and seriously injured.    Defendant McBride attests that the plaintiff was the inmate who first assaulted him.    The plaintiff was then charged with violating SCDC Rule 801 (assault and/or battery of an SCDC employee) and Rule 803 (riot). He was also placed in the Maximum Security Unit (MSU) the following day.

The plaintiff was subsequently convicted of the two charges of assault and riot through the SCDC Inmate Disciplinary Process.    The plaintiff filed various grievances contesting his charges, but was ultimately found guilty.

In his complaint, which has been amended twice, the plaintiff now claims that (1) his due process rights were violated; and (2) the MSU weekend food service program is inadequate and has caused other inmates to receive insufficient caloric intake.

THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND THE PLAINTIFF'S OBJECTIONS THERETO

The Magistrate Judge recommends that the defendants' motion for summary judgment be granted in its entirety and this action dismissed.   As to the due process claim arising out of the inmate disciplinary process, the Magistrate Judge suggests that the claim fails for a variety of reasons.   First, the Magistrate Judge opines that the plaintiff's claim is barred by

2

*Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that before a state inmate may recover damages for an allegedly unconstitutional conviction or imprisonment whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called in to question by a federal court's issuance of a Writ of Habeas Corpus. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that *Heck* applies to challenges to the procedures utilized in institutional hearings.

As the Magistrate Judge correctly suggests, an award of damages or injunctive relief to the plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus, the plaintiff's claim has not accrued and is not actionable under *Heck* and *Edwards*.

The plaintiff objects to this finding contending that his convictions were overturned on his Step Two Grievance. A review of the record and supporting affidavits reveals that the plaintiff did not properly appeal his placement in the MSU, nor did he fully complete his exhaustion with regards to his disciplinary convictions because he did not perfect an appeal of those convictions to the Administrative Law Court (ALC). While plaintiff did attempt to file an appeal to the ALC, he failed to remit the $25 filing fee and such appeal was returned unfiled. As the defendant notes, plaintiff would not have been required to pay the filing fee but for the fact that he had already filed at least three other unrelated ALC appeals free of charge. Plaintiff's claim that his convictions were overturned on Step Two Grievance is

3

misrepresented. According to the Affidavit of Robert E. Ward, after the plaintiff filed a Step 2 Grievance, it was granted in part and denied in part and a rehearing was ordered. At the April 19, 2008 rehearing, the DHO, Sharon Patterson, again found the plaintiff guilty on both the riot and battery charges. The court finds this objection without merit and is therefore overruled.

The plaintiff objects to the Magistrate's statement in the Report that the plaintiff was before the Disciplinary Hearing Officer (DHO) as a result of his assault on another inmate. The charges stemmed from an assault on a correctional officer, defendant William McBride. This amounts to nothing more than a clerical error. The court acknowledges the correct name of the victim of the assault, and overrules the objection.

Next, petitioner complains that the Magistrate Judge erred during a pretrial hearing by initially granting several discovery-related motions in plaintiff's favor, and then staying such favorable rulings until the defendants filed a motion for summary judgment. Magistrate Judge Carr denied the discovery motions with leave to refile after summary judgment was decided. The defendants opposed the plaintiff's motion to extend time for additional discovery after summary judgment was filed stating that the grounds for summary judgment were entirely legal IN nature and based on undisputed facts, or that the plaintiff was already in possession of the documentation relevant to the grounds for summary judgment presented. Plaintiff has not submitted an affidavit, as directed by Magistrate Judge Carr at the August 5, 2010 hearing, that required the plaintiff to present reasons as to why he could not adequately respond to the motion for summary judgment without such documentation.

The Fourth Circuit has held that a party seeking to prevent the grant of a motion for summary judgment upon an assertion that more discovery is needed must show specifically what documentation and/or discovery is needed and why it is needed to respond to the motion. *See Nader v. Blair*, 549 F.3d 952, 961–962 (4th Cir. 2008). The undersigned finds no error in Magistrate Judge's denial of the motion to extend time to complete discovery, thus plaintiff's objection is overruled. Similarly, the plaintiff's objection to the Magistrate's conclusion in the Report that the case is ready for consideration is without merit.

Here, because the Magistrate Judge's decision is based primarily upon the decision in *Heck v. Humphrey*, a purely legal basis upon which to dismiss the case, additional discovery would not be benefit to the plaintiff.

As an additional ground for dismissal of this claim, the Magistrate Judge opines that to the extent the plaintiff claims to have been harmed by the allegedly improper disciplinary procedures, the plaintiff has not suffered the loss of liberty interest protected by the Due Process Clause of the United States Constitution. Placement in an MSU unit does not rise to constitutional dimensions, and, therefore, the plaintiff is not entitled to due process protections. *Sandin v. Connor*, 515 U.S. 472 (1995).[2]

In objecting to this portion of the Report and Recommendation, the plaintiff contends that the facts of his case should be analyzed under *Wilkinson v. Austin*, 545 U.S. 209 (2005) as opposed to *Sandin*. In *Wilkinson*, the Supreme Court used the language of *Sandin* to

---

[2] It is not clear whether the plaintiff asserts a stand alone claim for being housed in the MSU or whether this is one element of the harm suffered from the alleged due process violations. Regardless of the exact nature of the claim, it fails for the reasons set forth above.

determine that assignment to the Ohio Supermax facility imposed "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" and gave rise to a liberty interest. 542 U.S. at 223 (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). In this case, by way of contrast, the plaintiff was not transferred to a supermax facility. Rather, he was housed in an administrative segregation unit within the same prison facility. The plaintiff has failed to allege that this assignment imposed atypical and significant hardships on him different from the ordinary incidents of prison life.

With regard to the plaintiff's claim that the MSU weekend food service is inadequate and has caused the plaintiff and other inmates to receive insufficient caloric intake, the Magistrate Judge observes that the Department of Corrections in South Carolina has moved to a "brunch/supper" (i.e., a two-meal) food service program on weekends. The Magistrate Judge points out that the plaintiff has not shown that he has been denied adequate caloric intake due this dietary change. Moreover, plaintiff's medical records do not show any significant amount of weight loss while plaintiff was in MSU. The Magistrate Judge recommends that this claim be dismissed because it is based solely upon the plaintiff's conclusory speculation in support of his caloric deficiency argument. In responding to this portion of the Report and Recommendation, the plaintiff points to the fact that he has submitted affidavits of three fellow inmates suggesting that their food services are inadequate. These affidavits, like that of the plaintiff, are conclusory and speculative and the court agrees with the Magistrate Judge that summary judgment is appropriate.

Moreover, although not relied upon by the Magistrate Judge, it appears to this court

6

that the plaintiff has failed to show that he has exhausted his prison administrative remedies as this claim.  Defendants pled failure to exhaust as an affirmative defense, and the plaintiff has failed to come forward with a showing that the remedies have been exhausted.

The remaining objections to the Report and Recommendation merit little discussion. First, the plaintiff correctly points out that the Report incorrectly indicates that the plaintiff was charged with assaulting another inmate.  This is obviously a clerical error on the part of the Magistrate Judge that has no bearing on the ultimate conclusion in this case.

The plaintiff also objects to the failure of the Magistrate Judge's Report to specify which facts are undisputed in this case.  The Magistrate Judge carefully recited the facts appearing in the record in the light most favorable to the plaintiff.  All of the salient facts are set out in the Report and, as noted by the Magistrate Judge, are viewed in the light most favorable to the plaintiff as the nonmoving party in this instance.

CONCLUSION

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.  The defendants' motion for summary judgment is hereby granted and this action is dismissed with prejudice.  Plaintiff's motion to amend his complaint a fourth time is denied.

IT IS SO ORDERED.

March 9, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge

7